ed, upon the authority of the case of Rex v. Neal, 7 Car. & P. 168, that the wife's testimony was not competent in law to confirm the statements of her husband. The court charged the jury on this point as follows: "Mrs. Crawford is not, upon the evidence before us, an accomplice, and, so far as she testifies to facts not testified to by her husband, her statements must rest upon her personal credibility, subject to any inconsistency in, or contradiction of, her story. Although she cannot, in law, as the wife of an accomplice, corroborate and strengthen his particular statements, she is a competent witness, if believed by the jury, to prove any independent facts not sworn to by her husband, and not forming any part of his acts, although those facts, if believed by the jury, fasten a guilty knowledge on the defendant." We think the rule here laid down is sufficiently favorable to the defendant. Whether we should, upon full deliberation, affirm the doctrine laid down in the case of Rex v. Neal, we are not prepared to say. But, assuming it, for the purpose of this case, to be correct, we have no hesitation in affirming the particular instructions that were given to the jury in the present case, in connection with that doctrine.

The motion is overruled, upon both grounds.

---

UNITED STATES v. The HORNET. See Case No. 6,705.

---

## Case No. 15,390.

UNITED STATES v. HORNIBROOK.

[2 Dill. 229.] [1]

Circuit Court, E. D. Arkansas. 1871.

LOTTERIES—REVENUE LAWS.

Mr. Whipple, U. S. Atty.

Howard, Gallagher, Newton & Hempstead, for defendant.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

PER CURIAM. The game popularly known as "keno" is not a "lottery," within the meaning of internal revenue laws.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

## Case No. 15,391.

UNITED STATES v. HORRELL.

[Hoff. Land Cas. 78.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANTS.

No reason perceived for refusing a confirmation.

Claim for two leagues of land in Sonoma county, confirmed by the board, and appealed by the United States. [This was a claim by Johnson Horrell and others for the Rancho Rincon de Musalacon two square leagues in Mendocino and Sonoma counties. Granted May 2, 1846, by Pio Pico to Francisco Berreyesa. Claim filed February 11, 1853. Confirmed by the commission December 12, 1854.]

S. W. Inge, U. S. Atty.

R. W. Morrison, for appellee.

HOFFMAN, District Judge. The claimants in this case have produced the original grant made by Governor Pio Pico to Francisco Berreyesa, on the second of May, 1846. The expediente is in the archives of the former government, and contains, in addition to the usual documents, the record of the approval of the concession by the departmental assembly on the third of June, 1846. No doubt is suggested as to the genuineness of any of these documents. The grantee appears within the year prescribed by the grant to have entered into the possession of his land, and to have resided in a wooden house built by him upon it. He also placed upon it cattle, and commenced its cultivation. There is no difficulty in identifying and locating the land by means of the description in the grant and the map to which it refers, and which is contained in the expediente. The commissioners in their opinion on this case observe "that although the title was executed but a short time before the American occupation, it appears to have been made in good faith and with due regard to the requirements of the law." This court perceives no ground for differing from the commissioners in this view of the case. The decision of the board must therefore be affirmed, and a decree entered accordingly.

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]